## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY, BOARD OF TRUSTEES, NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND BOARD OF TRUSTEES, SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST, BOARD OF TRUSTEES, NATIONAL ENERGY MANAGEMENT INSTITUTE<br><br>8403 Arlington Boulevard<br>Fairfax, Virginia 22031<br><br> Plaintiffs,<br><br> v.<br><br>THEMIS CHIMNEY, INC.<br><br>4228-38 Park Avenue<br>Bronx, NY 10457<br><br>and<br><br>XENOMAX LTD.<br><br>4228-38 Park Avenue<br>Bronx, NY 10457<br><br>Defendants. | CIVIL ACTION NO.<br>　　　1:18cv1053  (LMB/JFA)<br><br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br>** for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20002**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

## COMPLAINT FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT FEES, AND ATTORNEYS' FEES AND COSTS

Plaintiffs, the separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC" and together with NPF, ITI, Scholarship Fund, SASMI, and SMOHIT, referred to as "the Funds"), hereby complain as follows:

## Introduction

1.     This is a civil action brought by employee benefit plans/trust funds or joint-labor management organizations, and by the trustees of the Funds, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Funds seek a monetary judgment against Defendants awarding delinquent contributions, accrued interest, liquidated damages, audit fees, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Documents governing the Funds.

## Jurisdiction and Venue

2.     Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.     Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Plaintiff Funds are administered in this district with their principal place of business in Fairfax, Virginia. Venue is also properly laid in this district because it is here that Defendants breached the relevant provisions of the collective bargaining agreement, and consequentially violated Section 515 of ERISA, 29 U.S.C. § 1145, because it is within this district that the relevant provisions of the collective bargaining agreement are required to be performed.

4.     Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

## Parties

5.     Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. § 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The trustees of the NPF are duly authorized trustees whose duty it is to administer the NPF for the benefit of the participants and beneficiaries of the NPF. The trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its trustees and plan are individually or jointly

referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6.      Plaintiff Board of Trustees, International Training Institute of the Sheet Metal and Air Conditioning Industry ("ITI") is the collective name of the trustees of the International Training Institute of the Sheet Metal and Air Conditioning Industry. ITI is an employee welfare benefit plan within the meaning of Sections 3(1) and (3) of ERISA, 29 U.S.C. § 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing apprenticeship training and educational benefits to eligible employees. ITI is, and at all times material herein has been a jointly administered trust fund established pursuant to Section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6). The trustees of ITI are duly authorized trustees whose duty it is to administer the plan for the benefit of the participants and beneficiaries of ITI. The trustees of ITI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its trustees and plan are individually and jointly referred to as "ITI" in this Complaint. ITI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

7.      Plaintiff Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI") is the collective name of the trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund. SASMI is an employee welfare benefit plan within the meaning of Sections 3(1), (3) of ERISA, 29 U.S.C. § 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing benefits to eligible employees. SASMI

is, and at all times material herein has been a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The trustees of SASMI are duly authorized trustees whose duty it is to administer SAMSI for the benefit of the participants and beneficiaries of SASMI. The trustees of SASMI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its trustees and plan are individually or jointly referred to as "SASMI" in this Complaint. SASMI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

8.      Plaintiff Board of Trustees, Sheet Metal Occupational Health Institute Trust ("SMOHIT") is collectively the name of the trustees of the Sheet Metal Occupational Health Institute Trust. SMOHIT a jointly labor-management health and safety organization serving the sheet metal industry established under 29 U.S.C. § 186(c)(9). The trust and its trustees are individually and jointly referred to as "SMOHIT" in this Complaint. SMOHIT is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

9.      Plaintiff Board of Trustees, National Energy Management Institute Committee ("NEMIC") is the collective name of the trustees of the National Energy Management Institute Committee. NEMIC is a labor management committee established pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that is funded by contributions under various collective bargaining agreements. The committee and its trustees are jointly and severally referred to as "NEMIC" in this Complaint. NEMIC is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

10.     The trustees of the Plaintiff Funds bring this action in their collective names or, as necessary or appropriate, in the name of the respective trusts or plans, and their participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

11.     At all times relevant to this action, Defendant Themis Chimney, Inc. ("Themis") has been an employer within the meaning of 29 U.S.C. § 152(2), and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Themis has been incorporated in the state of New York with a principal place of business at 4228-38 Park Avenue, Bronx, New York 10457.

12.     At all times relevant to this action, Defendant Xenomax LTD ("Xenomax") has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Xenomax has been incorporated in the state of New York with a principal place of business at 4228-38 Park Avenue, Bronx, New York 10457.

**Factual Background**
**Collective Bargaining Agreements and Funds' Governing Documents**

13.     At all times relevant to this action, Themis and Xenomax employed employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union No. 28 ("Local 28") a labor organization representing employees in an industry affecting interstate commerce.

14.     At all times relevant to this action, Themis and Xenomax were signatory to, and bound by, a collective bargaining agreement between the Union, Sheet Metal & Air

6

Conditioning Contractors Association of New York City, Inc. and SMACNA of Long Island, Inc. ("CBA" or "Agreement"). Pursuant to the Agreement, Themis and Xenomax are obligated to submit monthly remittance reports and fringe benefit contributions to the Funds for all hours worked or paid on behalf of their covered employees within the jurisdiction of Local 28.

15.      Pursuant to both the Agreement, Defendants are obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Document").

16.      Payments due to the Funds are calculated separately for each Fund on remittance reports required to be prepared monthly by each contributing employer. This is a self-reporting system and the Funds rely on the honesty and accuracy of employers in reporting hours worked and paid, and in reporting the contributions owed for work by employees.

17.      Without the information contained in the remittance reports, the Funds cannot determine the entire amount of the monthly contributions due to the Funds or the employees' eligibility for benefits.

18.      The completed remittance reports and accompanying contribution payments must be submitted to the Funds no later than the twentieth (20th) day after the end of each month during which covered work was performed and are delinquent if received thereafter.

19.      Section 3 of the governing NPF Trust Document and Section V of NPF's Procedures for the Collection of Contributions Collection Policy both provide that the Funds may audit a contributing employer for the purposes of assuring the accuracy of reports and ensuring that such employer has remitted the appropriate amount of contributions to the Funds.

20.      Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if Defendants

fail to timely submit the contractually required remittance reports and contribution payments, and the Funds file a lawsuit to recover the unpaid contributions, Defendants are required to pay the following amounts to the Funds:

a.      Interest on the delinquent contributions at a rate of .0233% per day, compounded daily;

b.      Liquidated damages equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions paid after the due date for payment of such contributions, but before litigation is initiated ("Late Fees");

c.      Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

d.      The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

## Delinquencies

21.     In June 2018, the Funds conducted an audit of Themis for the period of July 2015 through September 2017 (the "Audit") to ensure that Themis remitted contributions to the Funds in accordance with the CBA. The Audit revealed that Themis failed to make all the required contributions to the Funds, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

22.     Specifically, the Audit revealed that Themis owes contributions in the amount of $30,699.79 for the period of July 2015 through September 2017. In addition to the contribution amounts found due, Themis owes $5,457.18 in interest through August 22, 2018, $6,139.96 in

liquidated damages, and $1,230.00 in audit testing fees. In total, Themis owes $43,501.67 to the Funds pursuant to the Audit.

23.     In addition to the Audit amounts, for the months of August 2017 through July 2018, Themis employed employees within the jurisdiction of Local 28 for whom contributions were owed to the Funds and failed to make all the required contributions, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

24.     For the period of October 2017 through January 2018, Xenomax late paid certain contributions owed to the Funds under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185 resulting in the assessment of interest. To date, Xenomax has failed to pay interest owed to the Funds for its previously late paid contributions.

### Alter Ego/Single Employer

25.     At all relevant times, Defendants Themis and Xenomax shared an interrelation of operations, common management, centralized control of labor relations, and common ownership. Specifically:

    a.     Mark Papadimitriou is the Chief Executive Officer and owner of both Defendants;

    b.     Angie Diaz is the controller for both Defendants;

    c.     Mark Papadimitriou signed the collective bargaining agreements on behalf of both Defendants;

d.      Defendants employ the same classification or similar classification of employees, those employees have the same or similar training, and Defendants perform the same type of work in the same industry;

e.      Defendants share the same address – the address for Xenomax listed on the CBA is the same address that appears on Themis' website; and

f.      Defendants have an overlapping workforce, where employees are used interchangeably between the two companies. Specifically, when the Union withdrew working members from Xenomax some members went to work for Themis.

26.     Upon information and belief, the only real difference between Defendants is that Themis works primarily – if not exclusively – on public projects and Xenomax works on private projects. Defendants maintain nominally two separate companies because the Union's ability to withdraw working members from public projects to address breaches of the CBA by Themis (such as failing to pay fringe benefits contributions) is limited. Thus, maintaining facially separate entities – despite an interrelation of operations, common management, centralized control of labor relations, and common ownership – allows Themis to avoid potential recourse by the Funds and Union for its failure to abide by the terms of the CBA.

27.     Upon information and belief, Defendants are alter egos and/or constitute a single employer. Accordingly, Defendants are jointly and severally liable for each other's unpaid contributions to the Funds.

### Count I
*Amounts Owed Pursuant by Themis*

28.     Plaintiffs reallege and incorporate Paragraphs 1 through 27.

29.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

30.     Themis is obligated, under the terms of the CBA, to provide contributions to the Funds on behalf of its covered employees. Themis has failed and refused to fulfill its contractual obligations for owed contributions and resulting interest and liquidated damages as demonstrated by a audit conducted on Themis by the Funds on June 5, 2018 for the period of July 2015 through September 2017. The audit revealed that Themis owes contributions, interest, and liquidated damages to the Funds for certain months during the audit period. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Funds' governing documents.

31.     The Audit revealed that Themis owes contributions in the amount of $30,699.79 for the audit period of July 2015 through September 2017. In addition to the contribution amounts found due, Themis owes $5,457.18 in interest through August 22, 2018, $6,139.96 in liquidated damages, and $1,230.00 in audit testing fees. In total, Themis owes $43,526.92 to the Funds for unpaid contributions, interest, liquidated damages, and audit testing fees pursuant to the Audit.

32.     In addition to the Audit amounts, the Funds' records demonstrate that Themis has failed and refused to fulfill its contractual obligations for the months of August 2017 through July 2018 for owed contributions, resulting in interest, liquidated damages, and Late Fees.

33.     Based on remittance reports prepared and submitted to the Funds by Themis, Themis owes contributions for the months of August 2017 through June 2018 in the amount of $172,609.32 in contributions, $7,277.50 in interest (calculated through August 22, 2018), $23,693.42 in Late Fees and $34,521.86 in liquidated damages.

11

34.     The total amount owed by Themis for unpaid contributions for the period of August 2017 through June 2018 is $238,102.10, plus additional daily interest accruing through the date of payment.

35.     Additionally, for certain months between August 2017 through December 2017, Themis paid contributions after the due date for payment of such contributions and owes $6,402.04 in interest of such late-paid contributions.

36.     Themis has failed to comply with its statutory and contractual obligations to provide remittance reports to the Funds on behalf of its covered employees for the month of July 2018. Based on previous reports submitted by Themis, the Funds estimate that Themis owes contributions for this period in the amount of $35,574.30, $16.57 in interest, and $7,114.86 in liquidated damages. The total amount owed by Themis for July 2018, including interest through August 22, 2018, is $42,705.73, plus additional daily interest accruing through the date of payment.

37.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Funds' governing documents, Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

38.     Prior to commencing this lawsuit, the Funds sent multiple letters to Themis to obtain the outstanding amounts due from Themis.

39.     Themis' continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' pension benefits, and other harm. Themis's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

40.     Themis and Xenomax are alter egos and/or constitute a single employer. As such, the Defendants are jointly and severally liable for each other debts.

**Count II**
*Amounts Owed by Xenomax*

41.     Plaintiffs reallege and incorporate Paragraphs 1 through 40.

42.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

43.     Xenomax is obligated, under the terms of the CBA, to provide contributions to the Funds on behalf of its covered employees. Remittance reports and accompanying contribution payments must be submitted to the Funds no later than the twentieth (20th) day after the end of each month during which covered work was performed and are delinquent if received thereafter.

44.     The Funds' records reflect that Xenomax late paid certain contributions for the period of October 2017 through January 2018. As a result, Xenomax owes $1,773.26 in interest for previously late-paid contributions.

45.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Funds' governing documents, Plaintiffs are entitled to recover all costs of this action from Xenomax, including reasonable attorneys' fees and court costs.

46.     Xenomax's failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' pension benefits, and other harm. Xenomax's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

47.     Themis and Xenomax are alter egos and/or constitute a single employer. As such, the Defendants are jointly and severally liable for each other debts.

**WHEREFORE**, Plaintiffs request a judgment against Defendants for all amounts and reports due to the Funds as follows:

1.      Declare that Themis and Xenomax are alter-egos and/or constitute a single employer and are joint and severally liable for each other's debts;

2.      Declare that Themis and Xenomax are delinquent in remitting owed contributions to the Funds pursuant to the Agreements;

3.      Declare that Defendants are delinquent in submitting remittance reports for hours worked by covered Themis employees for the month of July 2018 and order Defendants to pay the corresponding outstanding contributions, interest, and liquidated damages for this delinquent month;

4.      Award Plaintiffs on behalf of the Funds a judgment against Defendants for' delinquent contributions for the period of July 2015 through July 2018 in the amount of $238,883.41;

5.      Enter judgment against Defendants for interest on delinquent contributions at a rate of .0233%, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $20,926.55;

6.      Enter judgment against Defendants for Late Fees calculated as the greater of $50.00 or 10% of the contributions paid more than 30 days after they were due, but prior to the initiation of litigation in the amount of $23,693.42;

7.      Enter judgment against Defendants liquidated damages in an amount equal to the greater of interest on the delinquent contributions calculated at the above rate, or 20% of the delinquent contributions in the amount of at least $47,776.68;

8.    Enter judgment against Defendants for audit testing fees in the amount of $1,230.00;

9.    Enter judgment against Defendants for all attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts as provided by Section 502(g) of ERISA; and

10.    Award such other relief as the Court deems just and proper.


Respectfully Submitted,


_____/s/ Diana M. Bardes_____
Diana Bardes (Bar No. 81831)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile
dbardes@mooneygreen.com
Counsel for Plaintiff Funds


Dated: August 21, 2018

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 21th day of August, 2018, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT FEES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220


_____/s/ Diana M. Bardes_____
Diana M. Bardes